NAZARIO, PLAINTIFF AND APPELLEE, *v.* ATLAS ASSURANCE COMPANY, LTD., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 1618.—Decided July 9, 1917.

DEBT—INSURANCE—TERMS OF POLICY—CONTRACT—CONSTRUCTION.—When there is a conflict in the terms of an insurance policy as to the dates when the risk begins and ends, the contract must be construed against the insurer, as he, and not the insured, writes the policy.

ID.—ID.—CONTRACT.—In this case a policy insuring plaintiff's house against fire was issued bearing date April 6, 1914, reciting that the contract was for one year and that the risk began on April 3, 1914, and expired on April 3, 1915. On April 5, 1915, the house was destroyed by fire. *Held:* That the policy was a contract for one year, to expire on April 6, 1915.

ID.—ID.—ID.—When a new policy is issued with a different number, payable on delivery, and for a larger amount than the other former policy, it cannot be considered a renewal but is a new contract.

The facts are stated in the opinion.

Mr. *Frank Martínez* for the appellant.

Mr. *Angel A. Vázquez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A policy of insurance for two thousand dollars, bearing date April 6, 1914, was delivered to Catalina Nazario on or about April 6, 1914. The policy recited that the contract was for one year, but it also recited that the risk began on April 3, 1914, and expired on April 3, 1915. On April 5, 1915, a whole block of property in Mayagüez was burned and the house of Catalina Nazario, the insured under the policy, was one of those destroyed. The complaint is founded on the theory that in spite of the mistake in the mention of the date of expiration the court may find out what was the true contract of the parties and, if the complainant is right, render judgment in her favor.

As all parties concede that the house of the complainant was not insured on the days between April 3, 1914, and April 6, 1914, and that no recovery could have been had for a fire occurring between those dates, it is plain that there was a conflict in the terms of the policy. If it were a contract for

a year, it could not expire on April 3, 1915, and if it expired on April 3, 1915, it could not be a contract for a year. This is the whole case in a nutshell, and as between such a conflict in the terms of a policy the courts say that the contract must be construed against the insurer, as it, and not the insured, writes the policy. *Thompson* v. *Phoenix Ins. Co.,* 136 U. S. 297; *McMaster* v. *New York Life Ins. Co.,* 182 U. S. 40; *Prudential Ins. Co. of America* v. *Stewart,* 237 Fed. Rep. 72; *Stinchcombe* v. *New York Life Ins. Co.,* 80 Pac. 215.

But the case went to trial and there it transpired that the agent of the company in Mayagüez had a memorandum in his books that the policy expired on April 6, 1915. Likewise the complainant gave testimony, to which the court gave entire credit, that she understood the risk to begin on April 6, 1914; that she accepted the policy from the solicitor on or about April 7, 1914, paid the premium and put the policy away without reading it. The solicitor confirms her testimony as do also other facts. There was no question raised of an attempt to vary the terms of a written contract by oral testimony, even if such a contention could have availed. There was no real conflict in the evidence and the court found in favor of the complainant.

Appellant cites a number of cases to the effect that when the parties agree that a policy of insurance shall have a certain commencement it may be dated back, but these cases generally depend upon the theory that the parties intended the contract to date back and frequently that the risk was covered or was to be covered for the retrospective period. A condition of this sort sometimes arises when the agent agrees to insure but the policy cannot be instantly delivered. The intention of the parties is clear in all these cases of retrospective clauses.

Appellant insists that the contract was one running from April 6, 1914, to April 3, 1915, and the company never agreed

to insure beyond that date. But the term of one year 'expressed in the policy is' then meaningless. The solution proposed by appellant, that complainant might recover for that part of the premium for the three days which were not covered by the policy, admits that the complainant paid for a year's insurance. This fact was conceded, if not proved.

The error in this case arose from the fact that the complainant had an insurance policy on the same house for thirteen hundred dollars, which began on April 3, 1913, and expired on April 3, 1914. On the latter date the solicitor of the company, who had no power to bind the company, went to see complainant to arrange for a renewal. She said she wanted a policy for two thousand dollars and after an inspection the policy in litigation was issued. There is no evidence of the writing or the offering of a policy for thirteen hundred dollars in renewal, as is so frequently the practice. The appellant is mistaken when it says that the contract was a renewal. The increased amount alone denies that, and the policy was in form a new contract with a new number. The parties negotiated for a new contract with payment on delivery. The agent extended no credit of any kind to the assured. The practice of collecting a dollar on new policies, which did not take place here, was probably an omission or a waiver by the agent.

The explanation of the error in the policy probably lies in the fact that the books of insurance companies give prominence to the date of expiration, and the person who wrote the policy considered it as a renewal. We find with the court below that the policy was a contract for one year from April 6, 1914, and the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.